Linda DEL GRECO, individually and on behalf of all others similarly situated, Plaintiff–Appellant,

v.

CVS CORPORATION, d/b/a Pharmacare Management Services, and Medco Health Solutions, Inc., f/k/a Merck–Medco Managed Care L.L.C., Defendants–Appellees.

Nos. 04–5730, 05–1821.

United States Court of Appeals, Second Circuit.

Jan. 25, 2006.

William R. Weinstein, Wechsler Harwood LLP, New York, NY, for Plaintiff.

Ira G. Greenberg (Mark S. Landman, Landman Corsi Ballaine & Ford, P.C., New York, NY; Paul E. Dwyer, Gina D. Wodarski, Edwards & Angell, LLP, Providence, RI, on the brief), Edwards & An-

gell, LLP, Providence, RI, for CVS Corporation, Defendant.

David R. Dyroff, Jr. (Dennis LaFiura, Lisa Martinez Wolmart, Pitney Hardin, LLP, New York, NY, on the brief), Husch & Eppenberger, LLC, St. Louis, MO, for Medco Health Solutions, Inc., Defendant.

PRESENT: RALPH K. WINTER, JOSÉ A. CABRANES and ROBERT D. SACK, Circuit Judges.

## SUMMARY ORDER

Plaintiff-appellant Linda Del Greco appeals from the judgments of the United States District Court for the Southern District of New York (Colleen McMahon, *Judge* ) dismissing plaintiff's class action complaints filed separately against defendants-appellants CVS Corporation, doing business as Pharmacare Management Services ("Pharmacare"), and Medco Health Solutions, Inc. ("Medco"). Plaintiff claims, pursuant to the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.*, that defendants, in their capacities as "claims administrators" for the North Shore Long Island Jewish Health System, made certain decisions that deprived her and other similarly situated women of the benefit of paying a "generic," rather than a "brand-name," copayment for the breast cancer drug tamoxifen citrate. We assume the parties' familiarity with the underlying facts and procedural history.

With respect to plaintiff's complaint against Medco, the District Court issued an oral decision on December 5, 2003 dismissing plaintiff's denial of benefits claim and, in part, her equitable claims on the grounds that (1) Medco was not a proper party under 29 U.S.C. § 1132(a)(1)(B), and (2) plaintiff's claim for restitution under 29 U.S.C. § 1132(a)(3) was duplicative of her benefits claim. In an opinion dated September 22, 2004, the District Court then dismissed all of plaintiff's claims against Pharmacare, concluding that, *inter alia,* (1) plaintiff had failed to exhaust her administrative remedies; (2) plaintiff's equitable claims were duplicative of her claims for money damages; and (3) Pharmacare's decision to classify tamoxifen citrate as a brand name drug was not arbitrary or capricious, inasmuch as the classification decision was not incorrect as a matter of law and was supported by substantial evidence. *See Del Greco v. CVS Corp.*, 337 F.Supp.2d 475 (S.D.N.Y.2004). On January 21, 2005, the District Court granted plaintiff's motion for reconsideration, and, on reconsideration, the District Court dismissed plaintiff's remaining equitable claims against Medco but declined to reverse or modify any other aspect of its decisions regarding plaintiff's claims against Pharmacare and Medco. *See Del Greco v. CVS Corp.*, 354 F.Supp.2d 381 (S.D.N.Y.2005). These appeals, argued in tandem before this Court, followed.

We are not certain that plaintiff's benefit plan provided any administrative remedies for her claim that tamoxifen citrate was misclassified as a brand-name drug and, therefore, that she was barred from filing this suit for failure to exhaust administrative remedies. *See* 29 C.F.R. § 2560.503–1(1) (stating that when a plan does not provide an administrative review procedure, "a claimant shall be deemed to have exhausted the administrative remedies available under the plan and shall be entitled to pursue any available remedies under section [1132](a) of [Title 29]"). However, based on our independent assessment of the parties' submissions, the applicable case law, and the record on appeal, we conclude that plaintiff is not entitled to relief. Accordingly, the judgments of the District Court are hereby AFFIRMED.